## FRANCIS S. PERKINS vs. GEORGE L. CADY.

If the seller of a chattel accepts the promissory note of the buyer's agent, knowing him to be such agent, in payment, intending to receive it as payment and to give an exclusive credit to the agent, it operates as payment, and, upon its dishonor, he cannot recover the price of the chattel from the buyer.

CONTRACT for the price of a lathe. The answer denied the purchase, and also alleged that if the defendant did buy it, he had paid for it.

At the trial in the Superior Court, before *Rockwell*, J., it appeared that the defendant ordered the lathe of the plaintiff; that the plaintiff sent it to the defendant's shop with a receipted bill to the defendant, and a promissory note for the price for the defendant to sign; that the defendant was then sick; that the defendant's foreman, Otis Osgood, told the plaintiff that the defendant was too sick to sign the note, and he had best take away the lathe; that the plaintiff then made a receipted bill of the lathe to Osgood, and sent it with the note to him, requesting him to take the lathe and sign the note, which he did; that the plaintiff charged the lathe on his book to the defendant, and credited him with the note; that the defendant agreed to take the lathe off Osgood's hands; that when the defendant got well he settled his account with Osgood, who had managed the shop, receiving payments and making disbursements, during the defendant's sickness; that Osgood gave the defendant a bill of sale of the lathe; that the defendant credited Osgood with the amount of the note as money paid out on the defendant's account; and that Osgood failed to pay the note when due. The defendant introduced evidence tending to show that the plaintiff admitted that the lathe was the property of Osgood.

The defendant asked the judge to instruct the jury, among other things, as follows: "The bill being rendered and receipted in full at the time the note was made, and the note being the amount of the account and given for the account, is conclusive evidence of payment. If the note was given in payment of the account, then the account cannot be sued, but the plaintiff must

rely upon his note. The note being given for the account is presumptive evidence of payment, and the plaintiff must show to the satisfaction of the jury that it was not given in payment, before he can recover in this suit. Under the circumstances of this case the note is conclusive evidence of payment. The bill of sale given by the plaintiff transferred the property to Osgood, being accompanied by the delivery of the lathe."

The judge declined so to instruct the jury, but instructed them, among other things, as follows: "If the jury are satisfied that the transaction with Osgood, including the account and bill of sale and note given by him, was not a sale to Osgood, the plaintiff may recover notwithstanding those transactions, unless they are satisfied that the defendant, after having been shown or made acquainted with the account and bill receipted to Osgood and note made by him, in good faith, believing the lathe to belong to Osgood, purchased it of him. If he purchased it in good faith with such knowledge as the papers gave him, and no more, he cannot be held liable."

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*G. Stevens & W. H. Anderson*, for the defendant.

*C. A. F. Swan*, for the plaintiff.

WELLS, J. The instructions to the jury, that if they were satisfied that the " transaction with Osgood, including the account and bill of sale and note given by him, was not a sale to Osgood, the plaintiff may recover notwithstanding those transactions, unless they are satisfied that the defendant, after having been shown or made acquainted with the account and bill receipted to Osgood and note made by him, in good faith, believing the lathe to belong to Osgood, purchased it of him," were wrong.

If the plaintiff, knowing Osgood to be the agent of the defendant, accepted his note in payment for property sold to the defendant, intending to receive it as payment and to give exclusive credit to Osgood, it would operate as payment ; and he could not thereafter fall back upon the defendant for the price of the property, although the note of Osgood should be dishonored. This proposition was distinctly presented by the defendant's prayers

for instructions. It fairly arose from the testimony. The instructions given, as above recited, excluded it from the consideration of the jury. On this ground, therefore, the

*Exceptions must be sustained.*